FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

2006 AUG -1  PM 4:56

CLERK _____
SO. DIST. OF GA.

DWIGHT DAVID MASSEY,         )
                             )
   Plaintiff,                )
                             )
v.                           )   Case No. CV406-080
                             )
AL ST. LAWRENCE,             )
                             )
   Defendant.                )

## REPORT AND RECOMMENDATION

Plaintiff, who has been allowed to proceed *in forma pauperis*, has filed a complaint pursuant to 42 U.S.C. § 1983 alleging that he has been denied proper medical care while confined at the Chatham County Jail. Doc. 1. The Prison Litigation Reform Act requires the federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal as frivolous, malicious, or legally insufficient. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e (c)(1). The Court therefore will examine plaintiff's complaint to determine whether he has stated a colorable claim for relief under § 1983.

Plaintiff alleges that upon arriving at the Chatham County Jail on February 21, 2006, a nurse took possession of his schizophrenia medication, which he had been taking for over a year. Plaintiff states that as of March 17, 2006 (the date of his complaint), he had not received any of the prescribed medication, although he does not allege that the deprivation of this medicine has caused him any harm or adverse consequences. Second, plaintiff alleges that he was forced to spend his first night in the jail sleeping "on the floor in a boat under the table in Cell 8." Doc. 1. Upon awakening, plaintiff hit his head on the table, injuring his head and shoulder. Plaintiff states that he filled out a medical request but has been denied any treatment for the "visible lump" on his shoulder. Id. Finally, plaintiff claims that prior to being housed at the jail he lost his prescription eyeglasses and that "medical" has refused to give him new prescription glasses. Plaintiff asserts the value of his lawsuit is $7 million.

The only named defendant in this action is Sheriff Al St. Lawrence, who is the senior official responsible for overseeing jail operations. It is well settled that claims brought pursuant to § 1983 cannot be based upon theories of respondeat superior or vicarious liability. Polk County v.

2

Dodson, 454 U.S. 312, 325 (1981); Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 691 (1978). In other words, plaintiff cannot bring suit against Sheriff St. Lawrence simply because he is in charge of the Chatham County Jail. Rather, plaintiff must demonstrate either that St. Lawrence directly participated in the alleged constitutional deprivation or that there is some other causal connection between St. Lawrence's acts or omissions and the alleged constitutional deprivation. Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988) (per curiam). Such a causal connection may be established by showing that St. Lawrence implemented or allowed to continue an official policy or an unofficially adopted policy or custom under which the violation occurred. Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986); Fundiller v. City of Cooper City, 777 F.2d 1436, 1442 (11th Cir. 1985). A supervisory official may also be subject to § 1983 liability when a history of widespread abuse puts the official on notice of the need to take corrective action and he fails to do so. Brown, 906 F.2d at 671; Williams v. Cash, 836 F.2d 1318, 1320 (11th Cir. 1988). A causal connection between defendant's acts or omissions and the plaintiff's injury is essential to establish liability.

Plaintiff has not alleged that St. Lawrence was directly involved in his alleged constitutional deprivations. In addition, plaintiff has not alleged any facts which the Court could use to find a causal connection between the acts or omissions of St. Lawrence and plaintiff's injuries. Plaintiff does not allege that St. Lawrence established an official policy or winked at some unofficial policy or custom related to denying medicine, treatment for injuries, or prescription eyeglasses to inmates. Nor does plaintiff suggest that there is a widespread history of such problems that would serve to place St. Lawrence on notice of the need to take corrective action.[1]

For the foregoing reasons, plaintiff's § 1983 complaint fails to state a claim upon which relief may be granted and should be **DISMISSED** pursuant to § 1915A.

**SO REPORTED AND RECOMMENDED** this 1st day of **August, 2006.**

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] Of course, if plaintiff chooses to file objections to this Report and Recommendation, he will have an opportunity to inform the district judge that St. Lawrence was somehow personally responsible for violating his rights and, therefore, is subject to liability under § 1983.